IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 20,** | CASE NO. 3:21 CV 622 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JOHNS MANVILLE CORPORATION,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### INTRODUCTION

Plaintiff Teamsters Local Union No. 20 and Defendant Johns Manville Corporation filed cross-motions for summary judgment. (Docs. 10, 11). The motions are fully briefed and decisional. (Docs. 12, 13, 15, 16). The Court has jurisdiction over the dispute. 28 U.S.C. § 1332; 29 U.S.C. § 185(a). For the following reasons, the Court grants Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and orders the dispute arbitrated in accordance with the parties' collective bargaining agreement.

### BACKGROUND[1]

Defendant manufactures insulation, roofing materials, and engineered products. (Doc. 9, ¶1). Two of its manufacturing facilities, Plant 1 and Plant 7, are located in Waterville, Ohio. *Id.* Plaintiff represents all production and maintenance employees at these plants. *Id.* at ¶2. The parties have a collective bargaining agreement in place, which is effective from August 1, 2019 through April 19, 2024. *Id.* at 4; *see also* Doc. 9-1, Jt. Ex. 1.

---

1. The parties submitted a Stipulation of Facts and Documents. (Doc. 9).

Beginning in 2015 and continuing until sometime in 2020, Defendant used a warehouse in Maumee known as the "Maumee Assembly" facility for storage needs. (Doc. 9, at ¶6). Also in 2020, Defendant began using additional storage space at Global One Distribution Center in Perrysburg. *Id.* Defendant shipped product manufactured at Plants 1 and 7 to these two storage facilities, some of which was then shipped directly to Johns Manville customers. *Id.* at ¶8.

Ramón LaBiche, a bargaining unit employee, filed a grievance over Defendant's use of these two storage facilities. *Id.* at ¶7, *see also* Doc. 9-1, Jt. Ex. 2. Citing Article Three of the collective bargaining agreement, "and any others that apply", LaBiche alleged Defendant's use of those storage facilities violated the collective bargaining agreement. (Doc. 9-1, at 85). He seeks either the removal of Defendant's product from those storage facilities, the placement of union employees in those facilities to handle Defendant's product, or the acquisition of new space in which Defendant can store its products and union workers can handle that product. *Id.* at 85-86.

The collective bargaining agreement contains an arbitration clause. *See generally* Doc. 9-1, at 36-39). Defendant has not processed the grievance to arbitration, asserting the grievance is not arbitrable. (Doc. 9, at ¶14).

Article Three, cited by LaBiche in his grievance, provides:

> The Company hereby recognizes the Union as the exclusive representative of all production and maintenance employees of the employer in Waterville Ohio, but excluding all office clerical employees, watchmen, plant guards, machinists, electricians, welders and related apprentices and professional employees and supervisors as defined for the purposes of collective bargaining with respect to wages, hours of work and other conditions of employment as set forth in this Agreement.
>
> It is understood and agreed that the foregoing is applicable to existing facilities, normal expansion to those facilities, and to any and all operations including the designation of any new Fiber Glass Plants at Waterville, Ohio, as an accretion to this Agreement and Bargaining Unit.

(Doc. 9-1, at 6).

**STANDARD OF REVIEW**

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties have stipulated to the material facts of the case, and so their dispute is exclusively a legal one, making it appropriate for summary judgment. *Shelby Cnty. Health Care Corp. v. Am. Fed'n of State, Cty. & Mun. Emps., Loc. 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992).

**DISCUSSION**

Both parties filed motions for summary judgment. Plaintiff argues the dispute is subject to arbitration, as the collective bargaining agreement features a broad arbitration clause, the recognition clause is equally broad, and national labor policy favors dispute resolution through arbitration. *See generally* Doc. 11. Defendant argues it does not own the storage facilities, does not employ anyone working there, and therefore the contract does not extend to those third parties. *See generally* Doc. 10. The motions will be addressed together.

<u>Substantive Arbitrability</u>

The parties' collective bargaining agreement includes an arbitration clause, which applies to "any dispute involving the interpretation or alleged violation of the terms of this Agreement…". (Doc. 9-1, at 36). Defendant's refusal to arbitrate the present dispute is based on the substance of the dispute – that is, that the dispute itself is outside the scope of the collective bargaining agreement and is therefore not arbitrable. (Doc. 10, at 5-6).

Determining substantive arbitrability is a question for the Court. *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("[T]he question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination."); *see also Litton Fin. Printing Div.,*

*a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190, 200 (1991) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (internal quotation omitted). Before ordering arbitration, the Court must find a valid agreement between the parties, and that their specific dispute falls within the substantive scope of that agreement. *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). Here, where the parties readily admit the existence and validity of the collective bargaining agreement, *see* Doc. 9, at ¶4, only the latter element requires analysis.

In determining the substantive scope of the agreement, the Court is not weighing in on the merits of the dispute. *AT & T Techs., Inc.*, 475 U.S. at 649. Indeed, even a frivolous claim must be decided by an arbitrator if the parties' contract governs the dispute. *Id.* at 649-50. "Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960). In the face of a broad arbitration clause, like the one present in the parties' collective bargaining agreement, a presumption of arbitrability arises. *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960) ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.").

<u>Defendant's Opposition to Arbitration</u>

In its Motion, Defendant argues the collective bargaining provisions do not extend to third parties. (Doc. 10, at 5-6). Therefore, it contends, any arbitrator would lack the authority to enforce its terms against the third-party storage facilities. *Id.* To support the contention, Defendant cites one Sixth Circuit case, but its case law lacks applicability to the case at hand. In *Peterbilt Motors*

4

*Company v. UAW Int'l Union*, the union pursued a grievance against an employer after the employee's claim for accident and sickness benefits was denied by a third-party administrator. 219 F. App'x 434, 436-37 (6th Cir. 2007). The arbitrator found the employer also had to provide benefits above and beyond the insurance policy, despite the explicit contractual language that obligated the employer only to provide the insurance benefits. *Id.* at 437-38. Because the arbitrator's decision was "so ignorant of the contract's plain language as to make implausible any contention that the arbitrator was construing the contract and so untethered to the terms of the agreement", the court affirmed the district court's decision vacating the arbitration award. *Id.* (citing *Mich. Family Res., Inc. v. Serv. Emps. Int'l Union Loc. 517M*, 475 F.3d 746, 753 (6th Cir. 2007)).

      Defendant argues the present case is similar to *Peterbilt Motors Co.*, arguing the case held a dispute between a bargaining unit employee and a third party is not arbitrable because the third party is not a party to the collective bargaining agreement. (Doc. 10, at 5). Defendant construes the dispute in the present case similarly, as one between a bargaining unit employee and the third party storage facilities. *Id.* But this misunderstands the grievance. LaBiche complained of the company's decision to use employees from outside of the bargaining unit to do work he contends ought to be done by members of the bargaining unit. (Doc. 9-1, at 85). The *Peterbilt Motors* case stemmed from a third-party insurance company's decision to deny benefits, and the contract was silent as to the specific benefits for which employees were eligible. That is, the *Peterbilt Motors* case vacated an arbitration award that imposed obligations upon the employer above and beyond its contractual obligation to provide third-party benefits to its employees when the employee was dissatisfied with that third-party's decisions. Here, the decision to use these facilities was Defendant's alone. It is Defendant's decision to use the third-party storage facilities that makes up

the substance of the grievance, rather than any attempt to bring the facilities within the collective bargaining agreement's provisions. Thus, Defendant's argument that this grievance attempts to extend the contract to third parties fails.

Defendant additionally argues Plaintiff seeks relief an arbitrator cannot award. (Doc. 10, at 6). Labiche's grievance seeks either bargaining unit employees at the storage facilities, or an expansion of facilities at which bargaining unit employees can perform this work. (Doc. 9-1, at 85). Defendant contends these remedies are outside the substantive scope of the collective bargaining agreement, because the jurisdiction clause, along with any other in the agreement, do not permit an arbitrator to require Defendant expand its facilities. (Doc. 10, at 6).

But Plaintiff, naturally, views the dispute differently. It argues Defendant expanded its operations to these storage facilities, and the recognition clause brings "normal expansion to those facilities" within the purview of the collective bargaining agreement. (Doc. 12, at 6). Likening the dispute to a typical subcontracting grievance, Plaintiff cites Sixth Circuit precedent holding such disputes are subject to arbitration. (Doc. 11, at 10-11) (citing *Teamsters Loc. Union No. 89 v. Kroger Co.*, 617 F.3d 899 (6th Cir. 2010)). In *Kroger*, the Sixth Circuit applied the presumption that a broad arbitration clause encompasses all disputes in the absence of "the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." 617 F.3d at 905 (quoting *United Steelworkers of Am. v. Mead Corp., Fine Paper Div.*, 21 F.3d 128, 131 (6th Cir. 1994)). That the dispute included some other workplace was not the sort of forceful evidence necessary to overcome the burden in *Kroger*, and Plaintiff argues the same should hold true for this case.

The Court is unpersuaded by Defendant's argument on this point – whatever the scope of the contract, this dispute does not meaningfully involve third parties. That is, contrary to Defendant's position (Doc. 10, at 5), this grievance is not an attempt by Plaintiff to rope another

employer's employees into this collective bargaining agreement. The nature of Plaintiff's grievance is akin to a typical subcontracting dispute – a complaint that an employer is hiring non-bargaining unit employees to do bargaining-unit work. As such, absent some clear evidence in the collective bargaining agreement, the dispute is arbitrable.

Recognition Clause

Defendant argues the language of the recognition clause limits the scope of Plaintiff's representation to employees within Waterville, Ohio, and because the work is being done outside Waterville, the contract cannot extend to this dispute. (Doc. 13, at 4-5). That is, the plain language of the contract is susceptible to only one interpretation, and therefore provides the sort of clear evidence that takes this dispute outside the collective bargaining agreement and makes it non-arbitrable. Plaintiff argues the recognition clause is broad enough to encompass the work done at the storage facilities and, further, determining the substantive meaning of these contractual clauses is the role of the arbitrator because there are competing interpretations. (Doc. 16, at 2-3).

Two portions of the recognition clause are relevant to this dispute:

> The Company hereby recognizes the Union as the exclusive representative of all production and maintenance employees of the employer in Waterville, Ohio…

> It is understood and agreed that the foregoing is applicable to existing facilities, normal expansion to those facilities, and to any and all operations including the designation of any new Fiber Glass Plants at Waterville, Ohio, as an accretion to this Agreement and Bargaining Unit.

(Doc. 9-1, at 6).

Defendant's argument is simple: The first part limits Plaintiff's representation to employees in Waterville, and thus "any and all operations…" must too be geographically limited to Waterville. (Doc. 15, at 5-6). There is no other limitation found in the contract, and the parties

could not have bargained to include all of Defendant's numerous manufacturing plants, some of which are represented by other unions. *Id.* at 6, n.4.

Plaintiff argues the work being done at these storage facilities properly belongs at the Waterville manufacturing plant, and is fundamentally an operation of the Waterville employees, being done elsewhere in violation of the recognition clause. (Doc. 11, at 9-11). Additionally, Plaintiff argues, because its position is at worst arguable and not frivolous, the question is properly decided by the arbitrator. (Doc. 16, at 2-3) (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.").

Ultimately, the Court is not sufficiently persuaded by Defendant's argument to hold this dispute non-arbitrable. It is not this Court's role to determine whether Plaintiff's grievance is meritorious. *AT & T Techs., Inc.*, 475 U.S. at 650. The recognition clause makes clear the parties understood the scope was not necessarily limited to the work done within the four walls of the two manufacturing plants, by including a clause specifically addressing the potential expansion of the bargaining unit through Defendant's actions. That is, the contractual language does not make clear the otherwise broad arbitration clause does not cover this dispute, or that there is only one possible interpretation of the language at issue. An arbitrator could find for Defendant, that the geographical limitation renders LaBiche's grievance without merit. But an arbitrator could also find this work is within the contract, as an expansion of any and all operations. As such, the Court does not make a determination on the merits of the case, and instead orders the parties to arbitrate their dispute.

8

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 11) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. 10), be and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
